IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RONALD BARNES                  :        CIVIL ACTION
                               :
   v.                          :
                               :
BLANCHE CARNEY, et al.         :        NO. 16-6455

MEMORANDUM

GOLDBERG, J.                                    JANUARY 31, 2017

Plaintiff Ronald Barnes, a prisoner incarcerated at the Curran-Fromhold Correctional Facility, brings this civil action against Blanche Carney, Warden G. May, Major Abello, and C/O Oliver, based on the alleged theft of a check sent to him by his attorney. He seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint for failure to state a claim.

I.   FACTS

Plaintiff alleges that his attorney mailed him a check in the amount of $2,565.00. He contends that "[t]he jail said they sent [the check] back to [plaintiff's attorney]" but his attorney claimed that "he didn't receive it and that he has proof that it was cashed." (Compl. ¶ II.D.) Plaintiff seeks damages in the amount of the check and for mental anguish.

II.  STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

1

556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

The Court construes the complaint as raising due process claims, pursuant to 42 U.S.C. § 1983, based on the alleged theft of the check from his attorney. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). An unauthorized intentional deprivation of property by a prison official does not equate to a due process violation "if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Here, plaintiff cannot establish a violation of his due process rights based on the intentional deprivation of his property because Pennsylvania law provides him with adequate postdeprivation remedies.[1] *See Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010) (per curiam) (wrongful appropriation of property could be addressed by state tort action or prison grievance process). Plaintiff has also failed to allege facts establishing how the named defendants were responsible for the theft of his check. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

---

[1] There is no independent basis for the Court's jurisdiction over a state law claim, as it is not clear that the parties are diverse for purposes of 28 U.S.C. § 1332, and as it appears that the amount in controversy does not exceed $75,000. If plaintiff seeks to pursue a claim under state law, he may do so in state court.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint for failure to state a claim. Plaintiff will not be given leave to amend because it appears that amendment would be futile. An appropriate order follows, which shall be docketed separately.